*United States v. Davis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-three.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                          No. 21-1136

RUBEN DAVIS, AKA BLODDY RUBEN,
AKA FAT MAN, AKA FAT BOY,

> *Defendant-Appellant.*\*

_____

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Defendant-Appellant:**   Ruben Davis, pro se, Danbury, CT.

**For Appellee:**      Won S. Shin, Assistant United States Attorney, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Ruben Davis, incarcerated and proceeding pro se, appeals from the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2013, Davis pleaded guilty to one count of conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and one count of using, carrying, and possessing firearms, and aiding and abetting the same, in connection with the narcotics conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. The district court then imposed a sentence of 228 months' imprisonment, to be

2

followed by ten years' supervised release. In May 2020, having served approximately half of his 228-month term of imprisonment, Davis wrote a letter to the district court requesting home confinement to recover from contracting COVID-19. Later, after the court appointed counsel, Davis moved for compassionate release pursuant to the First Step Act of 2018.

Under that statute, courts may, in their discretion, grant a sentence reduction if, "after considering the [applicable] factors set forth in [18 U.S.C. §] 3553(a)," the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Section 3553(a) lists several factors a court must consider when imposing a sentence, including, for example, "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." *Id.* § 3553(a)(1), (a)(2)(A)–(C). A court may deny a motion for compassionate release if it determines that a defendant has failed to make the requisite showing regarding extraordinary and

3

compelling reasons *or* that the section-3553(a) factors, on balance, do not warrant a sentence reduction. *See United States v. Keitt*, 21 F.4th 67, 73 & n.4 (2d Cir. 2021).

On July 7, 2020, the district court denied Davis's motion, concluding that he had not shown any extraordinary and compelling reasons based on the COVID-19 pandemic and that the 18 U.S.C. § 3553(a) sentencing factors did not favor a sentence reduction. On April 13, 2021, Davis, proceeding pro se, renewed his motion for compassionate release and requested appointment of counsel. This time Davis argued that, in addition to the COVID-19 pandemic, his actual innocence as to the section-924(c) offense was an extraordinary and compelling reason that warranted his release under 18 U.S.C. § 3582(c)(1)(A)(i). On April 28, 2021, the district court denied that motion, finding that "nothing in Davis'[s] renewed motion alter[ed] the [July 7, 2020] determination that a sentence reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a) and that there [were] no extraordinary and compelling reasons for a sentence reduction in this case." Dist. Ct. Doc. No. 740 at 1. The district court also stated that "[t]o the extent that Davis seeks release based on actual innocence, . . . such a request must be viewed as a successive petition under 28 U.S.C. § 2255 because

4

Davis previously filed a section[-]2255 petition that was denied," *id.* (internal quotations marks omitted), and that any "request for relief under section 2255 [was] dismissed" because "[Davis] ha[d] not 'moved in the appropriate court of appeals for an order authorizing the district court to consider a second or successive application,'" *id.* (quoting 28 U.S.C. § 2244(b)(3)(A)).[1]

Davis timely appealed from the district court's April 28, 2021 order. "We review the denial of a motion for compassionate release for abuse of discretion . . . ." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted).

Here, we cannot say that the district court erred in denying Davis's renewed motion for compassionate release. On appeal, Davis argues *only* that the district

---

[1] A few days prior to his renewed motion for compassionate release, Davis did in fact seek permission from this Court to file a second section-2255 motion asserting an actual-innocence claim. *See Davis v. United States*, No. 21-910 (2d Cir. Apr. 12, 2021), ECF No. 2. This Court, however, denied the motion in May 2021. *See Davis v. United States*, No. 21-910 (2d Cir. May 11, 2021), ECF No. 11.

5

court erred by refusing to consider his purported actual innocence as to the section-924(c) offense to be an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i); however, he presents *no* argument pertaining to the district court's weighing of the section-3553(a) factors. Because the district court's determination that a sentence reduction would be inconsistent with the section-3553(a) factors is by itself a sufficient basis upon which we can affirm, *see Keitt*, 21 F.4th at 73 & n.4, and because Davis has forfeited any challenge to that determination, *see, e.g.*, *Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021), we decline to disturb the district court's denial of Davis's renewed compassionate-release motion.

But even if we were to review the district court's section-3553(a) analysis on the merits, we see no abuse of discretion. Referring back to its analysis in the July 7, 2020 order, the district court reasonably determined that – despite the health risks posed by COVID-19 and the strides Davis had made toward rehabilitation, *see* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D); *Pepper v. United States*, 562 U.S. 476, 491 (2011) – the section-3553(a) sentencing factors on balance did not favor a sentence reduction, given Davis's prior criminal history and the seriousness of the present

6

offense, *see* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C). That was not an unreasonable determination in July 2020 or nine months later in April 2021. *See United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) ("Mere disagreement with how the district court balanced the [section-]3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." (internal quotation marks omitted)).

Accordingly, we **AFFIRM** the order of the district court.[2]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Davis's sole argument on appeal pertains to the district court's April 28, 2021 denial of Davis's renewed motion for compassionate release. To the extent that Davis also challenges the district court's July 7, 2020 order, we would arguably have jurisdiction to consider such an untimely challenge because the government has not objected, *see* Fed. R. App. P. 4(b)(1)(A); *United States v. Frias*, 521 F.3d 229, 231–34 (2d Cir. 2008), but we would affirm that order for the same reasons described above.